UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANDY MARTIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1217 AGF |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This action is again before the Court for judicial review of the final decision of the Commissioner of Social Security, denying Plaintiff Randy Martin's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and supplemental security income (SSI) under Title XVI of the Act, 42. U.S.C. §§ 1381-1384f.[1] The Court had previously remanded the case to the Commissioner for further consideration and development of the record. For the reasons set forth below, the Court will again reverse and remand the decision of the Commissioner.

Plaintiff, who was born March 28, 1950, applied for benefits in October 2000. He initially alleged a disability onset date of October 1, 1998, which he later amended to October 23, 2000. Plaintiff claimed that he was disabled due to arthritis in his left shoulder and back trouble. Following a hearing, an Administrative Law Judge ("ALJ")

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

found on October 24, 2002, that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work and thus, could perform his past relevant work as a food delivery driver, as well as other jobs that existed in the national economy. In reaching this decision, the ALJ discounted the opinions of an examining consultant (Jack Tippett, M.D.) and a non-examining consultant (Melinda Fabbito, M.D.), both of whom found that Plaintiff had physical limitations which would preclude him from performing his past work or the full range of medium work. The Appeals Council of the Social Security Administration declined to review the ALJ's decision, and Plaintiff filed suit for judicial review of the denial of benefits.

On September 27, 2004, this Court reversed the Commissioner's decision and remanded the case for further development of the record. The Court believed that the ALJ was entitled to discount the opinions of the above-referenced medical consultants. The Court noted, however, that this left no medical evidence to support the ALJ's RFC assessment. Accordingly, the Court held that the ALJ's decision was not supported by substantial evidence on the record as a whole. The Commissioner was directed to further develop the record on remand in order to obtain appropriate medical evidence to support an RFC assessment. The Court noted that the Commissioner could then determine whether Plaintiff could perform his past relevant work or other work in the national economy. The Court noted that in formulating such a determination, the ALJ might need to obtain the testimony of a vocational expert.

Upon remand, the Appeals Council directed the ALJ to offer Plaintiff the opportunity for a supplemental hearing and to "take any further action needed to complete the administrative record and issue a new decision." Tr. at 285. The ALJ held a supplemental hearing on March 9, 2005, and reviewed supplemental medical evidence submitted by Plaintiff. At the hearing, Plaintiff testified that he stopped working as a food delivery driver because he could no longer lift the heavy canisters of food that this job entailed, due to his shoulder and back pain. He also testified that although he had a chauffeur's license, he no longer drove because the medications he was taking made him drowsy. He testified that his back pain prevented him from walking more than about half a block at a time, crouching, lifting anything heavier than a gallon of milk, and balancing. The ALJ commented that Plaintiff had a cane with him, and Plaintiff testified that it was prescribed by his doctor and that he used it every day, as that was what kept him walking. Plaintiff testified that he watched TV most of the day, did not go to church or any group or club meetings, and had no hobbies. Tr. at 358-69.

The medical evidence submitted by Plaintiff for the period since the prior decision by the ALJ consists of outpatient records from St. Louis ConnectCare and St. Louis University Hospital from December 2002 through August 2004. The ALJ did not obtain any new medical evidence from a medical consultant, and on April 12, 2005, the ALJ again found that Plaintiff was not disabled. The ALJ interpreted this Court's Memorandum and Order of September 27, 2004, as finding that the ALJ

3

> had not adequately refuted, and had not cited medical evidence by which to
> reject, [the opinions of Drs. Tippett and Fabbito], both of whom imposed
> exertional and other functional limitations that were narrower than the
> definition of medium work. . . . The Court said that it was not enough to
> reject [Dr. Fabbito's] opinion because he [sic] had not actually examined
> the claimant, or to reject [Dr. Tippett's] opinion simply because the
> claimant walked with a normal gait. The undersigned was directed to
> reconsider his residual functional capacity findings and, if he found the
> claimant unable to do past relevant work, to consider obtaining the
> testimony of a vocational expert.

Tr. at 247-48.

The ALJ incorporated by reference his summary and evaluation of the evidence from his former decision, and then summarized the testimony from the new hearing and the new medical evidence. The ALJ then explained why he was again rejecting the opinions of Drs. Fabbito and Tippett, and again found that Plaintiff could do the full range of medium work and could thus perform his past work, as well as other medium unskilled jobs, in light of his age, education, and past work experience. Plaintiff now seeks judicial review of the ALJ's decision of April 12, 2005.

## **DISCUSSION**

Plaintiff argues that the ALJ's decision suffers from the same infirmity as the first decision, namely, the lack of medical evidence to support the ALJ's finding that Plaintiff could perform the full range of medium work. The Court agrees. The ALJ misinterpreted this Court's reason for remanding the case. The Court did not find that the ALJ should have credited the opinions of one or both the two medical consultants. To the contrary, the Court stated that the ALJ was entitled to discredit their opinions. The

4

Court's concern was not that there was evidence to undermine the ALJ's RFC assessment, but rather that there was no medical evidence to support it.

The Eighth Circuit has explained that a disability claimant's RFC is a medical question, and that thus, "some medical evidence must support the [ALJ's] determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001) (citations omitted). An ALJ "may not draw upon his own inferences from medical reports." Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000); Landess v. Weinberger, 490 F.2d 1187, 1189 (8th Cir. 1974) (same).

When a claimant's RFC must be determined and the record is devoid of medical evidence that the ALJ finds credible, the ALJ must obtain medical evidence which he finds credible, and failure of the ALJ to do requires remand by the reviewing court. See DiMasse v. Barnhart, No. 03-1853, 2004 WL 133928, *2 (8th Cir. Jan. 22, 2004) (remanding case for further evidence where discounting a medical opinion left no medical evidence in the record on plaintiff's functional limitations from an impairment found by the ALJ to be "severe"); Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003) (same); Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir. 1992) (per curiam) (same).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED**. On remand the Commissioner should proceed

expeditiously to obtain the opinion of a medical consultant or other medical evaluations with regard to Plaintiff's functional limitations, and then assess Plaintiff's RFC, in light of the entire record, to determine whether Plaintiff is disabled.

An appropriate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated on this 29th day of September, 2006