UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RANDY MARTIN,                )
                             )
    Plaintiff,               )
                             )
vs.                          )    Case No. 4:05CV01217 AGF
                             )
                             )
LINDA McMAHON,               )
Commissioner of Social Security, )
                             )
    Defendant.               )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff is the prevailing party in his action challenging the Commissioner of Social Security's denial of his application for disability insurance benefits. On September 29, 2006, this Court entered judgment, remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner opposes the present motion for fees on the ground that it was filed more than 30 days after the judgment of the Court became final. Plaintiff has not filed a reply and the time for such reply has now run.

The EAJA provides that a prevailing party "shall, within thirty days of final judgment in the action, submit to the court an application for fees . . . ." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has held that this 30-day filing period for Social

Security disability cases remanded pursuant to sentence four begins to run after final judgment is entered by the court and the appeals period has run. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the time to appeal the judgment in this case ran on November 28, 2006. A motion for fees was thus due on December 28, 2006. The present motion was not filed until December 29, 2006.

As the Commissioner recognizes, the 30-day time period of the EAJA is subject to equitable tolling. See Townsend v. Comm'r, 415 F.3d 578, 581-83 (6th Cir. 2005) (noting that prior precedent stating that the 30-day period was jurisdictional was no longer good law, in light of Scarborough v. Principi, 541 U.S. 401 (2004)); Matthews v. Nichilson, 2006 WL 3844184, at *1 (Vet. App. Dec. 21, 2006) (same). In Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), the Supreme Court stated as follows with respect to equitable tolling of statutory time limits:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Id. at 96. Here, Plaintiff has not provided any basis for equitable tolling.

Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees is **DENIED** as untimely. [Doc. #20]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of January, 2007